**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Anitra Nicole BRABSON,
Defendant–Appellant.**

No. 03–5674.

United States Court of Appeals,
Sixth Circuit.

March 17, 2004.

Charles E. Atchley, Jr., U.S. Attorney's Office, Knoxville, TN, for Plaintiff–Appellee.

Ursula Bailey, Stacy, Whitt & Cooper, Knoxville, TN, for Defendant–Appellant.

Before: MERRITT and DAUGHTREY, Circuit Judges; and HOOD, District Judge.*

## ORDER

Anitra Nicole Brabson appeals her sentence of imprisonment entered upon her plea of guilty to conspiracy to possess with intent to distribute fifty or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The parties have waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Pursuant to a plea agreement, the government agreed to hold Brabson accountable only for the drugs she personally sold on January 6, 2003, and for the drugs she delivered on January 22, 2003, rather than for the entire amount attributable to the conspiracy. Nonetheless, at sentencing Brabson argued that she was entitled to a four-level reduction in her base offense level for her minimal role in the conspiracy. The district court determined that Brabson "had a key role in this transaction" and denied the request. Brabson, however, did receive a two-level reduction pursuant to USSG § 3D1.1(b)(6) because she met the "safety valve" criteria, and a three-level reduction for acceptance of responsibility. The district court also granted the government's motion under USSG § 5K1.1 for a downward departure based upon Brabson's substantial assistance to the government. Accordingly, the district court sentenced Brabson to sixty months of imprisonment. Brabson appeals her sentence.

In her timely appeal, Brabson contends that the district court erred by not granting her a mitigating-role reduction in her base offense level for her minimal or minor role in the conspiracy.

Whether a defendant is entitled to a downward adjustment under USSG § 3B1.2 depends heavily on factual determinations, which the court reviews only for clear error. *United States v. Campbell,* 279 F.3d 392, 396 (6th Cir.2002). Brabson has the burden of proving, by a preponder-

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

ance of the evidence, that she is entitled to the reduction. *United States v. Bartholomew,* 310 F.3d 912, 924 (6th Cir.2002), *cert. denied,* 537 U.S. 1177, 123 S.Ct. 1005, 154 L.Ed.2d 923 (2003). Under § 3B1.2, a defendant can receive a four-level reduction for being a minimal participant or a two-level reduction for being a minor participant. "A minimal participant is one who is 'plainly among the least culpable of those involved in the conduct of a group,' and a minor participant is one who 'is less culpable than most other participants, but whose role could not be described as minimal.'" *Id.* (quoting USSG § 3B1.2, comment. (nn.1, 3)).

Brabson claims that the district court erred in denying her a mitigating-role reduction pursuant to USSG § 3B1.2 for having a small role in the conspiracy. We conclude, however, that Brabson was not entitled to a reduction for being a minimal or minor participant because she was only held accountable for the amount of drugs attributable to her. *See, e.g., Campbell,* 279 F.3d at 396 (upholding denial of role reduction where the defendant was held accountable only for the amount of drugs he actually purchased and distributed). Thus, while Brabson may be a minimal or minor participant in relation to the scope of the conspiracy as a whole, she is not entitled to a mitigating-role reduction because she was held accountable only for the quantities of drugs directly attributable to her. *Id.*

The district court held Brabson accountable only for the quantities of crack cocaine that she personally negotiated and delivered, not upon foreseeable sales by other co-conspirators. The two transactions in which Brabson played a role were the extent of the conspiracy as charged in the indictment and were the basis for the drug amount to which she stipulated for purposes of sentencing. Thus, her offense level was determined by taking into account her role, and the district court correctly denied Brabson's request for a mitigating-role reduction pursuant to USSG § 3B1.2.

Moreover, it is the "defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others" that marks the minimal participant. USSG § 3B1.2, comment. (n.1). The guidelines contemplate a minimal participant as one who plays a single, limited role in the conspiracy. *See United States v. Burns,* 298 F.3d 523, 546 (6th Cir.), *cert. denied,* 537 U.S. 1064, 1061, 123 S.Ct. 614, 642, 649, 154 L.Ed.2d 552, 544 (2002), *and* 538 U.S. 953, 123 S.Ct. 1643, 155 L.Ed.2d 500 (2003). Brabson played several roles. Brabson admittedly negotiated the sales, placed the necessary phone calls, and handled the deliveries in the subject transactions. She did not play a single, limited role in the conspiracy. *See United States v. Samuels,* 308 F.3d 662, 672 (6th Cir.2002), *cert. denied,* 537 U.S. 1225, 123 S.Ct. 1335, 154 L.Ed.2d 1085 (2003). Therefore, Brabson cannot establish that she is minimally culpable.

Similarly, Brabson cannot establish that she was a minor participant. A defendant's actions should be compared to those of the average participant in a similar scheme. *United States v. Jackson,* 55 F.3d 1219, 1224–25 (6th Cir.1995).

As for her role in the transactions, Brabson attempts to characterize herself as merely a "conduit," through which the crack cocaine was sold. The district court, however, agreed with the government that Brabson's role was key to the transactions' consummation, as she was more deeply involved with the mechanics of each transaction. The defendant's argument that the actual suppliers and seller were more culpable and therefore she is entitled to a role reduction is not persuasive. "A defendant

who plays a lesser role in a criminal scheme may nonetheless fail to qualify as a minor participant if his role was indispensable or critical to the success of the scheme, or if his importance in the overall scheme was such as to justify his sentence." *United States v. Salgado,* 250 F.3d 438, 458 (6th Cir.2001); *see United States v. Latouf,* 132 F.3d 320, 332 (6th Cir.1997). In light of the stipulated facts pertaining to Brabson's negotiations for the sale and delivery of the drugs, we cannot say that the district court clearly erred by denying Brabson's request for mitigating-role reduction as a minor participant.

Accordingly, we affirm the district court's judgment.